IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE ROE (a fictitious name),<br><br>   *Plaintiff*, ⟍<br><br>  v.<br><br>WYNDHAM WORLDWIDE, INC.;<br>WYNDHAM HOTEL GROUP, LLC;<br>WYNDHAM HOTEL MANAGEMENT,<br>INC.; WYNDHAM HOTELS AND<br>RESORTS, LLC; WYNDHAM HOTEL<br>GROUP (UK) LIMITED; WYNDHAM<br>GRAND ISTANBUL LEVENT; AND<br>ÖZDILEK HOTEL TOURISM AND TRADE<br>LIMITED COMPANY;<br><br>   *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No. 18-1525-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Joseph J. Rhoades, Rhoades & Morrow, Wilmington, DE 19801. Of counsel: D. Michelle Douglas, Kalbian Hagerty LLP, Washington, DC 20006. *Counsel for Plaintiff Jane Roe.*

Kevin J. Connors, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE 19801. *Counsel for Defendants Wyndham Hotel Group, LLC, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Group (UK) Limited.*

Stephen B. Brauerman, Emily A. Letcher, Bayard, P.A., Wilmington, DE 19801. *Counsel for Defendant Özdilek Hotel Tourism and Trade Limited Company.*

February 1♪ 2020
Wilmington, Delaware



**ANDREWS, U.S. DISTRICT JUDGE:**

After a sexual assault during her stay at a hotel in Turkey, Plaintiff Jane Roe, proceeding under a pseudonym, has asserted claims of negligence and vicarious liability against Defendants Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, Wyndham Hotel Group (UK) Ltd., Wyndham Grand Istanbul Levent, and Özdilek Hotel Tourism and Trade Limited Company. (D.I. 1). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Defendants Wyndham Hotel Group, LLC, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Group (UK) Ltd. (collectively, the "Wyndham Defendants") have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the doctrine of *forum non conveniens*.[1] (D.I. 15). In addition, Wyndham Hotel Group (UK) Ltd. ("Wyndham UK") and Özdilek Hotel Tourism and Trade Limited Company ("Özdilek") have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). (D.I. 15; D.I. 27). The Hotel—the Wyndham Grand Istanbul Levent— has not entered an appearance in this action, although service has been completed. (D.I. 28). The Hotel is a franchise operated by Özdilek and is not a subsidiary of any Wyndham entity. (D.I. 1 at ¶ 9). Finally, Plaintiff has moved to strike the affidavits of the Wyndham Defendants submitted in support of their motion. (D.I. 23).

## I. BACKGROUND

With the exception of Wyndham UK, the Wyndham Defendants were incorporated under the laws of the State of Delaware and have a principal place of business in New Jersey. (*Id.*). Wyndham UK exists under the laws of England and Wales with its principal place of business in London. (*Id.* ¶ 7). Özdilek is a company organized and existing under the laws of the Republic

---

[1] Wyndham Worldwide, Inc. did not participate in the motion because it no longer exists. It merged into Wyndham Hotels and Resorts, LLC in 2006. (D.I. 16-1, Ex. B ¶ 12).

of Turkey with its principal place of business in Istanbul. (D.I. 1 ¶ 8). In 2014, Wyndham UK entered into a License Agreement with Özdilek, whereby Özdilek was permitted to operate the Hotel under the Wyndham trademark. (*Id.*; D.I. 16-1, Ex. B. ¶ 7).

In October 2016, Plaintiff traveled to Turkey for a two-month work assignment with the United States Department of State. (*Id.* ¶ 20). The Hotel was one of the limited number of hotels in Istanbul where staff for the State Department are allowed to stay. (*Id.* ¶ 21).

In November 2016, to treat a serious back problem, Plaintiff telephoned the spa facility at the Hotel to schedule a massage. (*Id.* ¶¶ 22-24). During Plaintiff's massage, she was sexually assaulted by the massage therapist, referred to here as John Doe. (*Id.* ¶¶ 25-40).

Plaintiff reported the sexual assault to the Deputy Chief of Security for the American Consulate, and the incident was investigated and reported to the Hotel staff. (*Id.* ¶ 41). Plaintiff alleges that no one at the Hotel reported the assault to law enforcement. (*Id.* ¶ 48). Plaintiff also alleges that John Doe is a repeat offender and, therefore, Defendants knew or should have known that it was not appropriate to authorize him to give massages to female customers. (*Id.* ¶¶ 45-46).

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive the motion to dismiss, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Twombly*, 550 U.S. at 555. In assessing the plausibility of a claim, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop.,*

*Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents incorporated by reference. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### B. Rule 12(b)(2)

Pursuant to Rule 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Once a jurisdictional defense has been raised, the plaintiff bears the burden of presenting a *prima facie* case that personal jurisdiction exists. *Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987).

In reviewing a motion to dismiss pursuant to Rule 12(b)(2), the court "must accept all of the plaintiff's allegations as true." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603 (3d Cir. 1990). Therefore, "[c]onsideration of affidavits submitted by the parties is appropriate and, typically, necessary." *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009). Once a plaintiff's allegations are contradicted by an opposing affidavit, the plaintiff "must present similar evidence in support of personal jurisdiction." *Id.* The plaintiff may not rely on "mere allegations" to sustain her burden. *Patterson*, 893 F.2d at 604.

## III. DISCUSSION

As I previously stated, the Wyndham Defendants have moved to dismiss on various grounds, Özdilek has moved to dismiss for lack of personal jurisdiction, and Plaintiff has moved to strike the Wyndham Defendants' affidavits. (D.I. 15; D.I. 23; D.I. 27). Accordingly, I address in order: (1) whether the Court has personal jurisdiction over Wyndham UK and Özdilek; (2)

whether the claims against the Wyndham Defendants should be dismissed based on *forum non conveniens*; (3) whether the claims against the Wyndham Defendants should be dismissed for failure to state a claim; and (4) Plaintiff's motion to strike.

### A. Personal Jurisdiction

To establish personal jurisdiction over a non-resident defendant, a plaintiff must satisfy both a statutory requirement and a constitutional requirement. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). For the statutory requirement, the court must find that the defendant's actions fall within the forum state's long-arm statute. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). For the constitutional requirement, the court must find that exercise of personal jurisdiction comports with the defendant's rights to due process. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

Plaintiff has failed to satisfy the statutory requirement and, therefore, I do not address the constitutional requirement. Delaware's long-arm statute authorizes jurisdiction over a nonresident who in person or through an agent: (1) transacts any business or performs any character of work or service in the State; (2) contracts to supply services or things in this State; (3) causes tortious injury in the State by an act or omission in this State; (4) causes tortious injury in the State or outside the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State, or derives substantial revenue from services or things used or consumed in the State. 10 *Del. C.* § 3104(c)(1)-(4).

Subsections (c)(1) through (c)(3) provide for "specific jurisdiction" if the cause of action "arises out of" defendant's contacts with the forum state. *Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354-55 (D. Del. 2008); *Rocke v. Pebble Beach Co.*, 541 Fed. App'x 208, 210 (3d Cir. 2013). Subsection (c)(4) provides for "general jurisdiction" if the defendant's contacts are so "'continuous and systematic' as to render them essentially at home in the forum state.'" *Goodyear*

4

*Dunlop Tires Operations, S.A v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). Only general jurisdiction allows a plaintiff's cause of action to be "unrelated to the defendant's activities in the forum state." *Rocke*, 541 F. App'x at 210.

Plaintiff only asserts specific jurisdiction against Wyndham UK and Özdilek. (D.I. 25 at 9). Therefore, her claims must arise out of the contacts that Wyndham UK and Özdilek had with Delaware. Plaintiff argues that Wyndham UK and Özdilek had contact with Delaware by: (1) marketing the Hotel through a website accessible in the United States, and (2) having a franchise relationship with several Wyndham entities that were incorporated in Delaware (hereinafter, the "Delaware entities"). (D.I. 1 ¶ 16).

Plaintiff has not established specific jurisdiction based on the website, because Plaintiff does not allege any connection between the website, Delaware, and her claims. Indeed, the complaint as written suggests that Plaintiff was already in Turkey when she decided to book an appointment at the spa facility, and that she may not have relied on the website at all. Specifically, the complaint alleges that Plaintiff was in Turkey on the second month of a two-month assignment when she needed a massage. (D.I. 1 ¶¶ 20, 24). The Hotel was one of a limited number of hotels where she was authorized to stay by her employer. (*Id.* ¶ 21). The complaint alleges that information about the spa facility was available "[t]hrough materials in each guest room and on the ... U.S. website wyndhamhotels.com." (*Id.* ¶ 23). But the complaint does not allege that Plaintiff looked at the website and, if so, when.[2] Instead, the complaint alleges that Plaintiff booked an appointment with the spa facility because "she trusted the Wyndham name," and she completed the booking by calling the spa directly. (*Id.* ¶¶ 20-24).

---

[2]     Plaintiff lived in Virginia before she made the trip to Turkey. (D.I. 1 ¶ 13). Her theory would support specific jurisdiction in every federal district.

These allegations do not show that Plaintiff's tort claims arise from use of the website in Delaware, as required to establish specific jurisdiction. *See Lozinski v. Black Bear Lodge*, LLC, 2017 WL 1380416, at *4 (D.N.J. Apr. 10, 2017) (finding that hotel's website did not establish specific jurisdiction where plaintiff made her reservation by phone); *Wilson v. RIU Hotels & Resorts*, 2011 WL 3241386, at *6 (E.D. Pa. July 29, 2011) (finding that hotel's website did not establish specific jurisdiction where plaintiff did not allege that she ever visited the website); *Dagesse v. Plant Hotel N.V.*, 113 F. Supp. 2d 211, 218 (D.N.H. 2000) (finding that hotel's website did not establish specific jurisdiction where plaintiffs did not allege that they visited the website before their trip).

Plaintiff also has not shown that her claims arise out any franchise relationship between Wyndham UK, Özdilek, and the Delaware entities. It is clear that Plaintiff's claims do not arise directly out the existence of the franchise relationship itself. *Cf. Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985) (finding specific jurisdiction based on a franchise relationship where plaintiff asserted claim for breach of the franchise agreement). Instead, Plaintiff argues that the franchise relationship allowed Wyndham UK and Özdilek to provide worldwide marketing for the Hotel through a Wyndham website. (D.I. 31 at 5-6). In other words, Plaintiff attempts to show specific jurisdiction based on a franchise relationship by simply repackaging her specific jurisdiction arguments based on Defendants' website. Those arguments have already been rejected for the reasons explained above and, therefore, do not help Plaintiff here. Because the court does not have personal jurisdiction over Wyndham UK and Özdilek, Plaintiffs' claims against them are dismissed without prejudice.

## B. Forum Non Conveniens

"[T]he decision to grant or deny a *forum non conveniens* motion lies within the district court's sound discretion." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988). Four

factors guide the court's exercise of discretion: (1) the availability of an adequate alternative forum, (2) the amount of deference to be afforded to plaintiffs' choice of forum, (3) the balance of private interest factors, and (4) the balance of public interest factors. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013). "[T]he defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis." *Lacey*, 932 F.2d at 180.

## 1. Availability of an Adequate Alternative Forum

An alternative forum is available if "the defendant is amenable to process" and adequate if "the subject matter of the suit is ... cognizable." *Lacey*, 932 F.2d at 180 (quotation marks omitted). To demonstrate that Turkey is an adequate alternative forum, the Wyndham Defendants submitted an affidavit from Erdem Büyüksagis, an attorney admitted to the Istanbul bar and licensed to practice law in Turkey. (D.I. 16-1, Ex. C ¶ 1). Mr. Büyüksagis is also a Professor of Law and former Dean of the University of Antalya Law School. (*Id.*). For the academic year 2018-2019, he is serving as a Fulbright Scholar at Stanford Law School. (*Id.*). Plaintiff has not submitted any opposing affidavits.

Defendants have established that Turkey is available as an alternative forum. Mr. Büyüksagis states, "Defendants are amenable to service in Turkey per the Hague Convention and the Turkish Notification Act." (*Id.* ¶ 20). The Wyndham Defendants have not filed a stipulation consenting to jurisdiction in Turkey, but they did state in their reply brief that "the Istanbul Court has jurisdiction over the parties." (D.I. 25 at 13; D.I. 29 at 5). Plaintiff has not responded with any opposing affidavits to cast doubt on Mr. Büyüksagis' conclusions. In addition, I see nothing in Mr. Büyüksagis' affidavit itself that gives me reason to doubt the accuracy of his statements.

Defendants have established that Turkey is an adequate forum. Plaintiff asserts claims for negligence and vicarious liability. (D.I. 1 at ¶¶ 66-104). As Mr. Büyüksagis' affidavit explains,

Turkish law recognizes claims based on negligence.[3]  On the other hand, it does not recognize

claims based on "vicarious liability" *per se*.  But Turkish law does provide a mechanism by which

plaintiffs can assert claims against employers based on the negligence of an employee.  Here,

Plaintiff would have to assert a "breach of contract" claim under Article 116 of the Code of

Obligations.[4]  An alternative forum "is not inadequate because it does not provide … for the same

substantive claims." *Archangel Diamond Corp. Liquidating Trust v. OAO Lukoil*, 75 F. Supp. 3d

1343, 1377 (D. Colo. 2014); *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d

65, 74 (2d Cir. 1998) (A finding of adequacy of "does not depend on the existence of the identical

cause of action in the other forum.").  Accordingly, I cannot find that Turkey is an inadequate

forum based solely on the fact that it does not recognize a claim of vicarious liability in the exact

same form as Delaware.

Plaintiff raises three arguments as to why Turkey is an inadequate forum even if her claims

are cognizable: (1) Turkey does not afford Plaintiff her Seventh Amendment right to a jury trial;

(2) Plaintiff cannot proceed anonymously; and (3) Turkey has a bias against women and

Americans.  (D.I. 25 at 14-19).  None are availing.

---

[3]  Article 49 of the Turkish Code provides redress for negligence.  It states: "Any person who, by his faulty and unlawful behavior, causes damage to another is obligated to provide compensation. Even if there is no law prohibiting the damaging behavior, a person who willfully causes damage to another in an immoral manner is likewise obligated to provide compensation." (D.I. 16-1, Ex. C ¶ 7).  "In Turkish law, unlawfulness is defined broadly." (*Id.*).  Article 24 ¶ 2 of the Turkish Civil Code states, "[A]n infringement is unlawful unless it is justified by the consent of the person whose rights are infringed or by an overriding private or public interest or by law." (*Id.*).

[4]  Article 116 states that a debtor (such as the Hotel) may perform a contractual obligation herself or with the help of assistants.  (D.I. 16-1, Ex. C ¶ 13).  Moreover, provided that the debtor is not specifically determined in the contract, a debtor may replace herself with a substitute for the performance of an obligation (such as a massage).  (*Id.*).  A debtor who delegates the performance of an obligation or the exercise of a right resulting from a contractual relationship to her employees is liable to compensate for the damage that they may cause to the other party while they carry out such tasks.  (*Id.*).

First, courts have consistently rejected the argument that the lack of a civil jury renders a forum inadequate, even where plaintiffs invoke the Seventh Amendment. *See Doe v. Ritz Carlton Hotel Co.*, LLC, 666 F. App'x 180, 185 n. 2 (3d Cir. 2016) (stating that lack of a jury trial guarantee does not *per se* render an alternative forum inadequate); *Baez v. Marriott Int'l, Inc.*, 2018 WL 3801251, at *3 (D.N.J. Aug. 9, 2018) (rejecting argument that alternative forum is inadequate because it will not afford plaintiff its Seventh Amendment right to a jury trial); *Copia Commc'ns, LLC v. AMResorts, L.P.*, 2017 WL 4012687, at *9 (E.D. Pa. Sept. 11, 2017) (same); *Valenti ex rel Valenti v. Marriott Int'l, Inc.*, 2011 WL 869189, at *4 (D.N.J. Mar. 10, 2011) (collecting cases).

Second, Plaintiff did not aid the court in evaluating her argument on anonymity, by explaining how a lack of anonymity would deprive her of a remedy, presenting evidence or an affidavit to substantiate her claim that she cannot proceed anonymously, or citing any supporting authority that a lack of anonymity renders a forum inadequate. Instead, Plaintiff's entire argument was presented in two conclusory sentences. (*See* D.I. 25 at 19). For these reasons, I cannot give any weight to this argument. *See Doe*, 666 F. App'x at 184 (finding that plaintiffs forfeited an argument on inadequate forum because they failed "to provide any legal analysis or meaningful argument" on the issue).

Finally, to show bias, Plaintiff cites a collection of newspaper articles discussing criminal sentencing for statutory rape, the practice of honor killings, the strain between the governments of Turkey and the United States, and the detention of U.S. citizens in Turkey. (D.I. 25 at 15-18). Plaintiff also cites statistics from State Department reports about the attitudes of Turkey's police towards sexual assault crimes. (*Id.*). Although provocative, this collection of anecdotal evidence does not demonstrate with particularity that Turkey cannot provide an adequate remedy for Plaintiff's claims, because it does not address either Turkey's courts as a whole or Turkish law with respect to civil claims of sexual assault. For this reason, similar arguments have not been

successful with other courts. *See Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 204 (3d Cir. 2017) (explaining that a collection of reports highlighting terrorist activity and general instability does not show with particularity that Egypt's court system as a whole is so corrupt it cannot serve as an adequate forum); *see also Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1091 (6th Cir. 2019) ("[G]eneral allegations of corruption do not support finding that an alternative forum is inadequate" (internal quote marks omitted)).

### 2. Deference to Plaintiff's Choice of Forum

Although proceeding anonymously, Plaintiff states that she is a U.S. citizen and currently resides in the United States. (D.I. 25 at 20 n. 14). Where a plaintiff is not foreign, her choice of forum is accorded "great deference." *Lony v. E.I. du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989). This deference can only be overcome "when the balance of the public and private interests *clearly* favors an alternate forum." *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008) (emphasis added).

### 3. Private Interest Factors

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of viewing premises, if viewing would be appropriate to the action; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *Lacey*, 932 F.2d at 180. Some of the private interest factors weigh in favor of granting dismissal.

The complaint alleges that the Wyndham Defendants are liable, because the Hotel: (i) "knew or should have known" that John Doe was a sexual predator, but failed to properly place, train, supervise, and monitor him; (ii) failed to implement policies to prevent, investigate, and report sexual assaults at the spa facility; (iii) agreed to provide massage therapy services and

10

negligently performed the undertaking; and (iv) negligently misrepresented that John Doe was fit to render appropriate massage therapy services to Plaintiff. (D.I. 1 ¶¶ 46, 66-104). The complaint further alleges that John Doe is a resident of Turkey and that the conduct of "John Doe, his direct supervisor, and the manager of the [Hotel]" directly and proximately caused Plaintiff's injuries. (*Id.* ¶¶ 25, 51).

The first factor—ease of access to sources of proof—weighs in favor of dismissal. Given the foregoing allegations, key witnesses and sources of proof will be located in Turkey. Plaintiff argues that evidence related to her medical treatment is located in the United States. (D.I. 25 at 20). But that evidence "would become relevant only if [Plaintiff] were to succeed on liability." *Doe*, 666 F. App'x at 184. So greater weight is given to the evidence located in Turkey. *See id.*; *Kristoff v. Otis Elevator Co.*, 1997 WL 67797, at *3 (E.D. Pa. Feb. 14, 1997); *Rudisill v. Sheraton Copenhagen Corp.*, 817 F. Supp. 443, 447 (D. Del. 1993). Similarly, Plaintiff argues that evidence related to the Wyndham Defendants' vicarious liability is located in the United States. (D.I. 25 at 20). But that argument fails for similar reasons. Evidence related to the Wyndham Defendants' vicarious liability becomes relevant only after Plaintiff establishes that John Doe has primary liability. *See Brathwaite v. Corr. Med. Serv.*, 2010 WL 2400473, at *3 (D. Del. June 15, 2010) (explaining that an employer is not vicariously liable unless the employee is liable).

The second factor—regarding compulsory process and the cost of obtaining voluntary witnesses—might weigh in favor of dismissal, but the Wyndham Defendants have not carried their burden on this point. First, the witnesses in Turkey are obviously not subject to this court's subpoena powers. *See* Fed. R. Civ. P. 45. But Defendants did not address, as Plaintiff points out (*see* D.I. 25 at 21), whether Turkey would recognize letters rogatory, and if so, why this does not qualify as compulsory process. *See, e.g., Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 411 (S.D.N.Y. 2019) (finding under a private factors analysis that letters rogatory are an

adequate substitute for the court's subpoena powers). Second, it seems plausible that obtaining the testimony of voluntary witnesses located in Turkey will be more expensive when the action is located here. But, to carry their burden, the Wyndham Defendants must do more than just make the conclusory assertion that the cost will be "overwhelming and unduly prejudicial." (D.I. 16 at 14). The Wyndham Defendants simply provided no facts regarding potential costs and burden.[5]

For the third factor, the Wyndham Defendants assert that a view of the premises is relevant, but do not explain why. (*Id.* at 13). There is a remote possibility that a view of the premises is relevant, because Plaintiff alleges that Defendants failed to "monitor" John Doe. (D.I. 1 ¶ 71). But this is not an accident case, or one where a defect in the design of the premises contributed to Plaintiff's injuries. Accordingly, the third factor does not weigh in favor of dismissal.

Finally, under the fourth factor, there is at least one practical problem that weighs in favor of dismissal. Two of the defendants—Wyndham UK and Özdilek—are not subject to the Court's jurisdiction. *See Miller v. Tri Marine Fish Co., LLC*, 2019 WL 1751827, at *7 (C.D. Cal. Jan. 22, 2019) (private interest factors favor dismissal where "it appears that several of the Defendants may not be subject to personal jurisdiction in this Court"). Considering the foregoing overall, the balance of private interest factors weigh in favor of dismissal, but not clearly.

### 4. Public Interest Factors

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in application of foreign

---

[5]    The Wyndham Defendants also did not address why these costs cannot be mitigated by the benefits of technology, or how the costs of obtaining voluntary witnesses from Turkey outweigh the costs of U.S. witnesses traveling to Turkey for trial.

laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Lacey*, 932 F.2d at 180. Defendants have carried their burden as to only a few of these factors.

On the first factor—court congestion—it is well established that the Delaware District Court continues to be one of the busiest federal courts in the nation.[6] But Defendants presented no evidence regarding court congestion or average time to trial in Turkey. Accordingly, I cannot fairly conclude that court congestion favors transfer. *See Applied Predictive Tech., Inc. v. MarketDial, Inc.*, 2019 WL 2745724, at *5 (D. Del. July 1, 2019) (comparing congestion of the two jurisdictions and finding that the relative caseloads favors transfer).

On the second factor—local interest—the only known relationship between Delaware and the claims or parties is that the three remaining defendants are incorporated in Delaware. Plaintiff's claims, however, do not arise out of or relate to Defendant's status as Delaware corporations. In addition, there are no allegations that Plaintiff is or has ever been a resident of Delaware. Accordingly, Delaware does not have a local interest in this particular controversy. But Delaware does have an interest in protecting the rights of U.S. citizens harmed abroad while officially representing the interests of the United States and the United States government. *Cf. Wilmot v. Marriott Hurghada Mgmt., Inc.*, 2016 WL 3457007, at *2 (D. Del. June 22, 2016) (finding that the public interest factors weighed against keeping the case in Delaware where a U.K. citizen residing in the U.K. was injured in a slip and fall while on holiday at a hotel in Egypt). Given the foregoing facts, the second factor is neutral.

For related reasons, the fifth factor—jury duty—is also neutral. While it is a burden on Delaware citizens to serve as jurors in a case which does not have a distinct Delaware interest, these jurors will be U.S. citizens. It is not unfair to burden U.S. citizens with the duty to serve as

---

[6] *See* United States District Court District of Delaware Annual Report 2019, available at https://www.ded.uscourts.gov/sites/ded/files/news/Court%20Report2019Final.pdf.

13

jurors in a case addressing the harm that befalls government employees representing the interests of those citizens while serving in foreign countries.

The third and fourth factors—concerned with the governing law—weigh in favor of dismissal. Delaware courts apply the law of the state where the injury occurred unless another state has a more "significant relationship" to the occurrence and the parties. *Travelers Indemnity Co. v. Lake*, 594 A.2d 38, 44–47 (Del. 1991). A cursory application of the "most significant relationship test" suggests that Turkish law would likely govern the present case, because the injury and the tortious conduct occurred in Turkey. Because the court would be burdened with resolving conflict of law issues and applying foreign law to the claims at issue, the third and fourth factors weigh in favor of dismissal.

### 5. Summary

In summary, the Wyndham Defendants have shown that Turkey is an available and adequate forum, that the balance of private interest factors weighs in favor of dismissal, and that the balance of public interest factors marginally weighs in favor of dismissal. This showing, however, is not enough to overcome the great deference afforded to Plaintiff's choice of forum. Thus, the Wyndham Defendants' motion to dismiss for *forum non conveniens* is denied.

### C. Failure to State a Claim

The Wyndham Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 16 at 4-8). All six counts in the complaint require Plaintiff to show that the Wyndham Defendants had some measure of control over the Hotel. Five of the six counts are based on a negligence theory. (D.I. 1 ¶¶ 76-104). To recover on a negligence theory, the Wyndham Defendants must owe a duty to the plaintiffs. *Gianfredi*, 2010 WL 1381900, at *9; *Naghiu v. Inter-Cont'l Hotels Grp., Inc.*, 165 F.R.D. 413, 423 (D. Del. 1996). "A far-removed parent usually does not owe a duty to the guest of a hotel that it does not directly

14

own or exercise control over." *H.Y.C v. Hyatt Hotels Corp.*, 2016 WL 107924, at \*1 (D. Del. Jan. 8, 2016); *see Gianfredi*, 2010 WL 1381900, at \*9; *Rucker*, 2004 WL 32946, at \*2. The sixth count is vicarious liability. (D.I. 1 ¶¶ 66-75). "Under the doctrine of vicarious liability, a principal may be liable for torts committed by an agent acting within the scope of the agency relationship." *B&B Fin. Serv., LLC v. RFGV Festivals, LLC*, 2019 WL 5849770, at \*3 (Del. Super. Ct. 2019). "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Fisher v. Townsends, Inc.*, 695 A.2d 53, 57 (Del. 1997) (quoting *Sears Mortgage Corp. v. Rose*, 634 A.2d 74, 79 (N.J. 1993)).

The Wyndham Defendants contend that they do not have any control over the Hotel and, to support their contention, have submitted an affidavit from Mike Piccola, a Senior Vice President at Wyndham Hotel Group, LLC (the "Piccola Affidavit"). (D.I. 16 at 5; D.I. 16-1, Ex. B). The Wyndham Defendants also dispute the facts alleged in the complaint. (*See* D.I. 16 at 5 (calling the allegations in the complaint "inaccurate" and "untrue")).

As a general rule, the court may not consider on a motion to dismiss matters extraneous to the pleadings. *W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 97 n. 6 (3d Cir. 2010). An exception exists for documents "integral to or explicitly relied upon in the complaint." *Id.* The Piccola Affidavit does not fall within any exception. *See Gilbertson v. Hilton Worldwide, Inc.*, 2013 WL 1352146, at \*3 (D.N.J. Apr. 2, 2013) (stating that a certification by defendants that it did not own, operate, or manage the hotel was extraneous to the pleadings). If the parties present matters outside the pleadings on a motion to dismiss and the court does not exclude them, "the motion must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Although I cannot resolve the parties' dispute over control on a motion to dismiss, I note that similar arguments are often resolved on a motion for summary judgment. *See Rucker*, 2004 WL 32946, at \*2 (considering on summary judgment evidence that Marriott International, Inc. neither owned nor operated the hotel where plaintiff was purportedly injured); *Capriglione v. Radisson Hotels Int'l, Inc.*, 2011 WL 4736310, at \*3 (D.N.J. Oct. 5, 2011) (considering on summary judgment whether the hotel was an agent of its franchisor); *Toppel v. Marriott Int'l, Inc.*, 2008 WL 2854302, at \*10 (S.D.N.Y. July 22, 2008) (same). Accordingly, these arguments should be presented on a motion for summary judgment after the parties have had an opportunity to engage in discovery regarding whether the Wyndham Defendants owed a duty to Plaintiffs or had an agency relationship with the Hotel.

## D. Motion to Strike

Pursuant to Rule 12(f), Plaintiff has moved to strike the affidavits of Erdem Büyüksagis and Rodney E. Gould. (D.I. 23). I did not rely on the affidavit of Mr. Gould in rendering this decision. Regardless, motions to strike are only permitted in response to pleadings, which a motion to dismiss is not. *Tauro v. Baer*, 2009 WL 2410952, at \*2 (W.D. Pa. Aug. 4, 2009). Accordingly, Plaintiff's motion to strike is denied.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the Wyndham Defendants (D.I. 15) is granted in part and denied in part. The motion to dismiss is denied, except as to dismissal of Wyndham Hotel Group (UK) Ltd. for lack of personal jurisdiction, which is granted. The motion to dismiss filed Özdilek (D.I. 27) is granted. Finally, Plaintiff's motion to strike (D.I. 23) is denied. An appropriate order will be entered.