IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE ROE (a fictitious name),<br><br>*Plaintiff*,<br><br>v.<br><br>WYNDHAM WORLDWIDE, INC.; WYNDHAM HOTEL GROUP, LLC; WYNDHAM HOTEL MANAGEMENT, INC.; WYNDHAM HOTELS AND RESORTS, LLC; WYNDHAM HOTEL GROUP (UK) LIMITED; WYNDHAM GRAND ISTANBUL LEVENT; AND ÖZDILEK HOTEL TOURISM AND TRADE LIMITED COMPANY,<br><br>*Defendants*. | Civ. No. 18-1525-RGA |

**MEMORANDUM ORDER**

Plaintiff Jane Roe, proceeding under a pseudonym, has asserted claims of negligence and vicarious liability against two sets of defendants after being assaulted while staying at a hotel in Turkey. The first set is comprised of companies incorporated in Delaware: Wyndham Hotel Group, LLC, Wyndham Hotel Management, Inc., and Wyndham Hotels and Resorts, LLC (collectively, the "Delaware Defendants"). The second set is comprised of companies incorporated and headquartered overseas: Wyndham Hotel Group (UK) Ltd. and Özdilek Hotel Tourism and Trade Limited Company (collectively, the "Foreign Defendants").[1] Currently pending before the court is Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59(e) and 15(a) to Alter and/or Amend the Judgment of Dismissal. (D.I. 35).

---

[1] Plaintiff also sued Defendants Wyndham Worldwide, Inc. and Wyndham Grand Istanbul Levent, but they have not made an appearance in this action. It appears likely that they do not exist. (*See* D.I. 42; D.I. 43; D.I. 44).

1

1. **Background**. On February 12, 2020, I issued a Memorandum Opinion and Order granting the Foreign Defendants' motions to dismiss for lack of personal jurisdiction, but denying the Delaware Defendants' motion to dismiss for *forum non conveniens* and failure to state a claim. (D.I. 33, D.I. 34). Plaintiff's pending motion asks the court to rule on two requests made in her opposition brief to the motions to dismiss, but which were not addressed in the Memorandum Opinion. Those requests were for leave to amend the complaint and for leave to take jurisdictional discovery from the Foreign Defendants. (*See* D.I. 25 at 6-7, 24-25).

2. **Amendment**. "Under Rule 15(a), if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Local Rule 15.1(a) requires a party who moves to amend a pleading to attach to the motion the "proposed pleading as amended, complete with a handwritten or electronic signature and … [a] form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends." D.Del. LR 15(a). Plaintiff did not comply with Local Rule 15.1(a) during the motion to dismiss briefing. Plaintiff still has not complied with the Local Rule. Accordingly, the request is denied without prejudice. *See Biggins v. Med. Adm'r*, 2013 WL 6092232, at *1 (D. Del. Nov. 18, 2013). Plaintiff may renew the request in the form of a Motion for Leave that complies with Local Rule 15.1(a).

3. **Jurisdictional Discovery**. Plaintiff bears the burden of demonstrating facts that support personal jurisdiction. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). "If a plaintiff presents factual allegations that suggest with reasonable particularity the

possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal punctuation and citation omitted).  "[A] mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. School of Law*, 107 F.3d at 1042.

4. According to Plaintiff, personal jurisdiction over the Foreign Defendants exists here, because they were controlled or managed by the Delaware Defendants.  (D.I. 35 at 3).  But these allegations of control in the complaint are no more than conclusory.  (D.I. 1 at ¶¶ 12, 47).  This is not enough to obtain jurisdictional discovery.  *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995).  Accordingly, Plaintiff's request for jurisdictional discovery from the Foreign Defendants is denied.  But nothing herein prejudices Plaintiff's rights to seek discovery within the relevant rules from the Defendants remaining in the case.

NOW, THEREFORE, at Wilmington this 1st day of June, 2020, it is HEREBY ORDERED that Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59(e) and 15(a) to Alter and/or Amend the Judgment of Dismissal (D.I. 35) is **DENIED**.

      /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE